# EXHIBIT B

CBG/Cleve

161694  INDENTURE OF LEASE  VOL 458 PAGE 303

THIS INDENTURE OF LEASE made at Cleveland, Ohio, by and between the CITY OF CLEVELAND, a municipal corporation, organized and existing under the laws of the State of Ohio and under a charter duly adopted by a vote of its citizens, which City is hereinafter sometimes called the "Lessor," and THE GARDEN CENTER OF GREATER CLEVELAND, a corporation not for profit, organized and existing under the laws of the State of Ohio, hereinafter sometimes called the "Lessee."

W I T N E S S E T H: THAT,

WHEREAS, the Lessee is at present the occupant of a certain building in Wade Park in the City of Cleveland, Ohio, under authorization of a permit granted by the City of Cleveland Council by Ordinance No. 2382-46 passed October 28, 1946; and

WHEREAS, said building has been flooded during rainstorms causing damage to valuable materials and exhibits therein; and

WHEREAS, the activities and services provided by the Lessee have increased so that expansion of its facilities is imperative; and

WHEREAS, the Lessee not only houses many varied and interesting displays but is also the location of a library containing many rare and valuable books concerning gardening and horticulture; and

WHEREAS, it will enhance the cultural atmosphere of the City of Cleveland if this most important source of information and research be retained and expanded within the area being presently developed by the Lessor and private institutions as the educational and cultural center of Cleveland, which area includes Wade Park; and

WHEREAS, it is deemed in the best public interest to preserve this institution and to aid its location to a more favorable location; and

WHEREAS, it is deemed a proper park use to retain this activity within one of the parks of the City of Cleveland where it will be more readily accessible to all citizens; and

WHEREAS, on October 7, 1963, the Council of the City of Cleveland passed Ordinance No. 1578-63, in which Ordinance the following passage appears:

VOL **458** PAGE **304**

> ". . . it is hereby determined that the making available to the citizens of Cleveland and to the public generally of a new and modern building housing the activities of The Garden Center of Greater Cleveland, and for that purpose relocating said building within the confines of Wade Park, constitutes a public purpose and is within the purview of the uses to which such park property may legally be put."

and

WHEREAS, the Lessor and the Lessee have agreed that the portion of Wade Park hereinafter described provides a suitable location for the Lessee's activities; and

WHEREAS, the Lessor and the Lessee have entered into, as provided in said Ordinance No. 1578-63, a formal agreement for the erection and maintenance of a garden center building upon said portion of Wade Park; and

WHEREAS, the Lessor and the Lessee now desire to enter into, as provided in said Ordinance No. 1578-63, this Indenture of Lease (hereinafter sometimes referred to as the "Lease"), the terms and conditions of which have been approved by the City of Cleveland Council by Ordinance No. 2420-64 passed ~~September~~ *November* 30, 1964;

NOW, THEREFORE, the Lessor, in consideration of the rents and covenants hereinafter stipulated to be paid and performed by the Lessee, does hereby let and lease unto the Lessee the following described premises:

> Situated in the City of Cleveland, County of Cuyahoga and State of Ohio and known as being part of Original 100 Acre Lots Nos. 394 and 395, being further described as follows:
>
> Beginning at a stone monument at the intersection of the center line of Magnolia Drive, N.E., 70 feet wide, with the Easterly line of East Boulevard, N.E.; thence from said place of beginning South 40° 11' 15" West, 127.67 feet, to a point in the Westerly edge of the pavement of said East Boulevard, which is the principal place of beginning for premises herein described;
>
> Thence from said principal place of beginning North 73° 29' 31" West, 325.00 feet, passing through an iron pin, distant North 73° 29' 31" West, 9.00 feet, from said principal place of beginning, to an iron pin;
>
> Thence North 5° 33' 39" West, 225.00 feet to an iron pin;
>
> Thence North 65° 12' 20" East, 325.00 feet, passing through an iron pin, distant South 65° 12' 20" West, 9.00 feet, from the Southwesterly edge of the pavement of said East Boulevard, to a point in said edge of the pavement, distant South 18° 55' 19" East, 222.81 feet from a stone monument at the intersection of the center line of Hazel Drive, N.E., 70 feet wide, with the Northeasterly line of said East Boulevard;

-2-

    Thence Southeasterly, Southerly and Southwesterly, along said edge of the pavement of said East Boulevard, the following bearings and distances,

    South 24° 40' 01" East, 15.98 feet;

    South 22° 18' 16" East, 49.94 feet;

    South 17° 46' 56" East, 49.92 feet;

    South 13° 47' 06" East, 49.92 feet;

    South 8° 27' 06" East, 49.93 feet;

    South 5° 17' 46" East, 49.93 feet;

    South 0° 53' 36" East, 49.90 feet;

    South 6° 06' 04" West, 49.92 feet;

    South 8° 52' 44" West, 49.91 feet;

    South 16° 25' 04" West, 49.93 feet, to the principal place of beginning, according to a survey made by the Verne M. Clarke Engineering Company in October, 1963, be the same more or less, but subject to all legal highways.

hereinafter sometimes referred to as the "leased premises".

    TO HAVE AND TO HOLD the same unto the said Lessee, for and during the term of fifty (50) years from the 7th day of December, 1964, to and until the 6th day of December, 2014, the Lessee yielding and paying therefor during the term aforesaid the yearly rental of One Dollar ($1.00) per year, payable at the office of the Treasurer of the City of Cleveland on the first day of said term and on each anniversary thereof during said term. As a further consideration the Lessee will pay any taxes, assessments or other public charge that may become payable or become a lien on the leased premises during the term of this Lease.

## COVENANTS OF LESSEE

    The Lessee, in consideration of this demise, covenants and agrees with the Lessor as follows:

    (1) That the Lessee will pay said rent at the times and place and in manner aforesaid.

    (2) That the Lessee will occupy and use the leased premises for such purposes and such uses only as are consistent with the use of the land as a public park and in full compliance with the covenants of the Lessor contained in any deed by which the Lessor acquired title to the leased premises or by which the Lessor joined with others in placing conditions, restrictions, or

-3-

VOL 458 PAGE 306

limitations on the leased premises, and shall in particular make such uses only of the leased premises as are consistent with any conditions, restrictions or limitations and covenants contained in a deed dated September 15, 1882, in which Jeptha H. Wade is the grantor and the City of Cleveland is the grantee, which deed is recorded in Volume 341, page 165, of Cuyahoga County Records. The leased premises are leased, subject to the restrictions herein contained, for the sole purpose of permitting the Lessee, at no cost to the Lessor, to erect, install, maintain and use a building or buildings, together with drives, walks, gardens, landscaping and other improvements incidental thereto, for housing The Garden Center of Greater Cleveland and carrying on the work and activities of said institution and to do any and all other things incidental thereto including, without limiting the generality of the foregoing, the alteration, rebuilding or replacement of any such building or improvement. Any building or other improvements erected or installed on the leased premises by the Lessee shall be in harmony with the surroundings and particularly with the other buildings in Wade Park, and plans for any such building or any such improvement of a substantial nature or any substantial alteration or rebuilding thereof shall be submitted to the Director of Public Properties of the City of Cleveland and shall be approved by said Director before construction begins. The Lessee shall, at its sole cost and expense, keep all such building and other improvements in good condition and repair at all times during the term of this Lease. The Lessee accepts the leased premises subject to any existing sidewalks, sewers, drains, mains, pipes and other conduits belonging to the City of Cleveland or any public or quasi-public utility and to any easements relating thereto, and agrees not to disturb or remove any of them except by mutual agreement, satisfactory to the Lessor and any other parties having rights or interests therein. If it should become necessary to remove or relocate any such sidewalks, sewers, drains, pipes, mains and other conduits, then such removal and relocation shall be at the expense of the Lessee.

(3) That the Lessee will commit or suffer no waste upon the leased premises.

(4) That the Lessee will not close or barricade said park or any part thereof except to the extent necessary for its improvement or maintenance, nor

-4-

VOL 458 PAGE 307

exclude any person from said park or any part thereof because of the place of his residence.

(5) That no admission shall be charged for entrance to the garden center itself, but this provision shall not prevent the Lessee from charging admission to special events or fees for the use of facilities on said premises, which admission and fees shall apply uniformly to all persons without regard to residence, providing such charges are not in violation of law, deeds, covenants or other restrictions of record.

(6) That during the term of this Lease, or any extension thereof, the Lessee, with reference to the leased premises, will assume any and all obligations and liabilities now or hereafter imposed on municipal corporations by governmental authorities and by the laws of the State of Ohio, and particularly those under Section 723.01 of the Ohio Revised Code, and will save harmless the Lessor from any such liabilities, and further the Lessee will save the Lessor harmless from all liabilities arising or claimed to arise by reason of the making of this Lease or from the occupancy, improvement, maintenance or use by the Lessee of the leased premises; the Lessor will give to the Lessee written notice of any such claim within a reasonable time after the Lessor's being advised or securing knowledge thereof, and will cooperate with Lessee as fully as practicable in the defense or adjustment thereof, and make no payment or settlement thereof without the Lessee's written consent.

(7) That the Lessee, upon the termination of this Lease from any cause, will surrender the leased premises to the Lessor in as good condition as at the beginning of the term hereof, except for normal wear and tear or damage by any casualty whether or not caused by the negligence or default of Lessee's agents or employees.

(8) That at the termination of this Lease, at the end of the first term or any extension thereof, or upon the termination of the Lease for any other reasons such as those hereinafter set forth under the section of the Lease entitled "Termination of Lease," any building or any other structure constructed on the leased premises shall become the property of the City of Cleveland.

(9) That the Lessee will not, without the prior written consent of the Lessor, assign this Lease or sublet the leased premises, it being understood and agreed that Lessee may after such written consent from the Lessor

-5-

VOL **458** PAGE **308**

sublet portions of the leased premises for periods not extending beyond the term of this Lease or any extension thereof provided that such subletting shall be by way of concessions and only for purposes incidental to the uses permitted under this Lease and not in conflict with public park purposes and such subletting must not conflict with any laws of the State of Ohio or violate any restrictions or conditions of record, or any terms of this Lease.

(10) It is expressly understood and agreed that the Lessee shall be excused from performing any obligation or undertaking provided in this Lease in the event and/or so long as the performance of such obligation or undertaking is prevented or delayed, retarded or hindered, by Act of God, fire, earthquake, floods, explosion, actions of the elements, war, invasion, insurrection, riot, mob violence, sabotage, malicious mischief, inability to procure or general shortage of labor, equipment, facilities, materials or supplies in the open market, failure of transportation, strikes, lockouts, action of labor unions, condemnation, requisition, laws, order of government or civil or military authorities, or any other cause, whether similar or dissimilar to the foregoing, not within the reasonable control of the Lessee.

## TERMINATION OF LEASE

During the term of this Lease or any extension thereof the Lessor reserves the right to direct the doing of any and all things that are the obligations of the grantee in the deeds by which the City of Cleveland acquired the leased premises.

If the Lessee shall fail to keep and perform any of its covenants or agreements herein contained, or shall use the leased premises or any part thereof for any purpose which would be grounds for forfeiture or reversion of the Lessor's estate in the leased premises, and if such failure or improper use shall continue for sixty (60) days after written demand by the Lessor upon the Lessee to cure such failure or discontinue such improper use, it shall be lawful for said Lessor to enter into the leased premises, and again have, repossess and enjoy the same as if this Lease had not been made, and thereupon this Lease and everything herein contained on the part of the Lessor to be done and performed shall cease, determine and be utterly void; without prejudice, however, to the Lessor's right of action for any such failure or improper use.

VOL 458 PAGE 309

It is agreed and understood, however, that in the event any grantor under any deed, or the donor of any property to the City of Cleveland or their reversionary heirs or assigns, shall threaten to seek a recovery or threaten to claim a forfeiture of these or other park or boulevard lands of the City of Cleveland by reason of the making or continuation of this Lease or by reason of anything permitted or committed under this lease arrangement, then at the option of the Lessor, by written notice to the Lessee, this Lease may be immediately terminated and the Lessee will immediately restore the leased premises to the Lessor. It is not intended that a termination occur on the basis of any unfounded threat or threats and when and if such event occurs, notice of termination shall not be given nor shall this Lease be terminated until after the Director of Law of the City of Cleveland (or such officer in the future as may perform the duties now assigned by law or charter to said Director of Law) shall give a written opinion that the threat is substantial and may have merit and a copy of said opinion shall be delivered to the Lessee.

## MUTUAL COVENANTS

The Lessee shall be excused from performing any obligation or undertaking provided in this Lease in the event and/or so long as the performance of such obligation or undertaking is prevented or delayed, retarded or hindered, by Act of God, fire, earthquake, floods, explosion, actions of the elements, war, invasion, insurrection, riot, mob violence, sabotage, malicious mischief, inability to procure or general shortage of labor, equipment, facilities, materials or supplies in the open market, failure of transportation, strikes, lockouts, action of labor unions, condemnation, requisition, laws, order of government or civil or military authorities, or any other cause, whether similar or dissimilar to the foregoing, not within the reasonable control of the Lessee.

The City hereby designates its said Director of Public Properties (or such other officer in the future as may perform the duties now assigned by law or charter to said Director of Public Properties) or his representative to represent the City in connection with any matters of a ministerial nature arising under this Lease and the Lessee shall be entitled to rely and act upon any approvals, consents, waivers or other actions which may be taken by said

-7-

VOL 458 PAGE 310

Director of Public Properties (or such other officer) or his authorized representative in connection with any such matters.

No modification or amendment of any of the provisions herein contained shall be binding upon either party unless made in writing and signed by or on behalf of both parties.

This Lease shall bind and inure to the benefit of the parties and their respective successors and permitted assigns.

IN WITNESS WHEREOF, the parties hereto have caused this Lease to be executed in duplicate by their proper officers thereunto duly authorized at Cleveland, Ohio this 9th day of December, 1964.

Signed in the presence of:

_(signature)_
_(signature) James J. Gorman_

_(signature)_
_(signature) James J. Gorman_

CITY OF CLEVELAND

By _(signature)_
Ralph S. Locher, Mayor

THE GARDEN CENTER OF GREATER CLEVELAND

By _(signature)_
President

STATE OF OHIO ) 
                ) SS.
COUNTY OF CUYAHOGA )

VOL 458 PAGE 311

Before me, a Notary Public in and for said County and State personally appeared the above-named CITY OF CLEVELAND, by Ralph S. Locher, its Mayor, who acknowledged that he did sign the foregoing instrument, and that the same is the free act and deed of said municipal corporation, and the free act and deed of him personally and as such officer.

IN TESTIMONY WHEREOF, I have hereunto set my hand and official seal at Cleveland, Ohio, this 9th day of December, A.D., 1964.

_(signature) Harold T. Clark_
Notary Public

This instrument prepared by
SALVATORE R. CALANDRA
WILLIAM A. LOWRY

HAROLD T. CLARK, Attorney-at-Law,
Notary Public for the State of Ohio