UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THE CITY OF CLEVELAND, ex rel. WILLIAM G. WADE, ) ) | CASE NO. 1:13CV2297 |
| Plaintiff, ) ) | JUDGE CHRISTOPHER A. BOYKO |
| vs. ) ) | OPINION AND ORDER |
| THE CITY OF CLEVELAND, et al., ) ) | |
| Defendants. ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motions of Defendants, City of Cleveland ("City"), Cleveland Botanical Gardens ("CBG"), and University Circle Incorporated ("UCI"), to Dismiss the Complaint. (ECF DKT #10, #12 & #14). Defendants argue that Plaintiff, William G. Wade ("Wade"), has failed to establish complete diversity; and thus, this Court does not have subject matter jurisdiction over the case. For the following reasons, the Court grants Defendants' Motions.

**I. FACTUAL BACKGROUND**

In 1882, Jeptha H. Wade ("Jeptha") granted what is now known as Wade Park to the City. In the deed, Jeptha imposed four conditions on the City regarding Wade Park: (1) the park must be open to the public at all times; (2) the park must allow for traversing through the it; (3) the park must have no other purpose than that of a public park; and (4) if the park is fenced, it must be done with open, wrought-iron fencing, except in limited circumstances.

Pursuant to O.R.C. § 755.19, the City must maintain Wade Park in accordance with those conditions. That statute provides as follows:

> In any municipal corporation which is the owner or trustee of property for park purposes, or of funds to be used in connection therewith, by deed of gift, devise, or bequest, such property or funds shall be managed and administered in accordance with the provisions or conditions of such deed of gift, devise or bequest.

The City leased and sublet parts of Wade Park to UCI and CBG.  These leases incorporated the conditions from Jeptha's initial grant of the property, compelling UCI and CBG to abide by the terms of the deed.  Jeptha's descendant, Wade, claims that UCI and CBG have violated the terms of their leases by not abiding by the conditions set forth in the deed.  In addition, Wade claims that, despite demand, the City has refused to enforce the terms of Jeptha's deed.  Therefore, Wade filed this suit, under O.R.C. § 733.59, on behalf of the City against the City, UCI and CBG for the alleged violations.

More than two months prior to Wade's Complaint, CBG filed a Declaratory Judgment action in state court, naming the City, UCI, the State of Ohio, Wade, and other heirs, regarding the same deed restrictions at issue here.  The City filed an Answer, Counterclaim against CBG and Cross-Claim against UCI.  The state action remains pending.

When Wade filed this taxpayer suit, he grounded diversity jurisdiction on the fact that he is a resident of Maine and Defendants are all residents of Ohio.  Defendants filed Motions to Dismiss on the basis that, among other things, Wade is not the real party in interest; and therefore, his residency is irrelevant.  Rather, Defendants argue, the City is the real party in interest; and therefore, diversity jurisdiction is defeated.  Wade has timely replied.

## II. LAW AND ANALYSIS

**Standard of Review**

Fed. R. Civ. P. 12(b)(1) states in pertinent part:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter....

When challenged on a Motion to Dismiss, it is the plaintiff's burden to prove the existence of subject matter jurisdiction. *Rogers v. Stratton Indus.,* 798 F.2d 913, 915 (6th Cir.1986). Such challenges are brought by two different methods: (1) facial attacks; and (2) factual attacks. *See, e.g., United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir.1994).

"A *facial* attack is a challenge to the sufficiency of the pleading itself. On such a motion, the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party." *Walters v. Leavitt*, 376 F.Supp.2d 476, 752 (E.D. Mich 2005), *citing Scheuer v. Rhodes,* 416 U.S. 232, 235-37 (1974). "A *factual* attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction. On such a motion, no presumptive truthfulness applies to the factual allegations, .... and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. But the fact that the court takes evidence for the purpose of deciding the jurisdictional issue does not mean that factual findings are therefore binding in future proceedings." *Walters* at 752. (Citation omitted).

Federal District Courts are courts of limited jurisdiction. *Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986) (*citing Marbury v. Madison*, 1 Cranch 137, 5 U.S.

137 (1803).  "Subject matter jurisdiction is the unwaivable *sine qua non* for exercise of the federal judicial power." *Crabtree v. Wal-Mart*, 2006 WL 897210 at *1 (E.D.Ky. April 4, 2006), slip copy; *Richmond v. International Business Machines Corporation*, 919 F. Supp. 107 (E.D.N.Y. 1996) (citing Fed.R.Civ.P. 12(b)(1)).  Want of subject matter jurisdiction may be raised at any time by the parties or by the Court on its own initiative.  Fed.R.Civ.P. 12(b)(1) and 12(h)(3); *Clark v. Paul Gray, Inc.*, 306 U.S. 583 (1939). "[D]efects in subject matter jurisdiction cannot be waived by the parties and may be addressed by a court on its own motion at any stage of the proceedings." *Curry* v. *U.S. Bulk Transport, Inc.,* 462 F.3d 536, 540 (6th Cir. 2006), *citing Owens v. Brock*, 860 F. 2d 1363, 1367 (6th Cir. 1988).  The burden rests upon the Plaintiff to establish affirmatively that this Court possesses subject matter jurisdiction over the case or controversy.  *See e.g., Thomson v. Gaiskill*, 315 U.S. 442 (1942).

As the United States Supreme Court declared in *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994):

> Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, see *Willy v. Coastal Corp.*, 503 U.S. 131, 136-137, 112 S.Ct. 1076, 1080, 117 L.Ed.2d 280 (1992); *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986), which is not to be expanded by judicial decree, *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed.702 (1951).  It is to be presumed that a cause lies outside this limited jurisdiction, *Turner v. Bank of North America*, 4 U.S. (4 Dall.) 8, 11, 1 L.Ed. 718 (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction, *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-183, 56 S.Ct. 780, 782, 80 L.Ed. 1135 (1936).

Even if a party does not bring the issue to a court's attention, "Article III courts have an independent obligation to determine whether subject matter jurisdiction exists." *Airline*

*Professionals Association of Intern. Broth. of Teamsters, Local Union No. 1224, AFL-CIO v. Airborne, Inc.*, 332 F.3d 983, 986 (6th Cir. 2003) (citing *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990)).

Defendants maintain that because Wade is bringing this suit under O.R.C. § 733.59 as a "taxpayer action," he is merely a nominal party and the City of Cleveland is the real party in interest. Additionally, Defendants argue that under Fed.R.Civ.P.17(a)(1)(G), the City is the real party in interest, and its residency is dispositive of diversity jurisdiction. For his part, Wade asserts that because the statute, compared with other Ohio taxpayer action statutes, allows Wade to bring the suit in his own name, and because the City of Cleveland is a defendant in this case, it is his residence rather than that of the City of Cleveland that is relevant for diversity jurisdiction purposes. In addition, Wade contends that the real party in interest, as determined by Rule 17(a), has no bearing on diversity jurisdiction. The Court finds that Wade's arguments are unpersuasive and that the Court lacks subject matter jurisdiction.

No one disputes that Ohio law governs who is the real party in interest. In addition, there is ample case law in support. *Smith v. Nelson*, 86 F.Supp.2d 787, 788 (N.D. Ohio Mar. 2, 2000) (citing *Certain Interested Underwriters at Lloyd's, London, England v. Layne*, 26 F.3d 39, 43 (6th Cir. 1994)). The parties do dispute, however, whether Ohio law dictates that Wade is the real party in interest. Although Wade cites authority for the proposition that under Ohio's interpretation of Rule 17(a) he is the real party in interest, the appropriate question is whether under O.R.C. § 733.59, he is the real party in interest. O.R.C. § 733.59 indisputably authorizes a taxpayer action on behalf of a municipal corporation; and Rule

17(1)(G) allows a State statute, like O.R.C. § 733.59, to determine the real party in interest.

Ohio law provides that when a taxpayer brings an action on behalf of a municipal corporation, the municipal corporation is the real party in interest. *Laituri v. Nero*, 138 Ohio App.3d 348, 351 (Ohio Ct. App. 2000) (citing *Ohio Fuel Gas Co. v. Mt. Vernon*, 37 Ohio App. 159, 169 (Ohio Ct. App. 1930); *Mulder v. Amherst*, 115 Ohio App. 117, 119-120 (Ohio Ct. App. 1962)). The taxpayer takes on the role of the city, but the judgment of the court is binding on the city for res judicata purposes. *Daub v Eberhart*, No. 2085, 1993 WL 382251, *5 (Ohio App. 4th Dist. Sept. 27, 1993).

Wade complicates the issue by asserting that the statute authorizes him to bring the action in his own name; and, therefore, the City is not the real party in interest. But the names of the parties are irrelevant for purposes of diversity jurisdiction. Rather, what matters is which party is actually receiving the benefit of the suit. *GMAC Mortg.*, 760 F.Supp.2d at 744 (citing *People of State of California ex rel. McColgan v. Bruce*, 129 F.2d 421 (9th Cir. 1942)).
*See also, State ex rel. Nimon v. Village of Springdale*, 6 Ohio St.2d 1 (1966) (taxpayer steps forward and volunteers to protect the public).

Wade attempts to avoid Ohio case authority by referencing numerous cases concerning Rule 17(a) and its determination of the real party in interest. Yet, Wade refuses to recognize that Rule 17(a) leaves the determination of the real party in interest to statute in appropriate circumstances. ("An action must be prosecuted in the name of the real party in interest. The following may sue in their own names without joining the person for whose benefit the action is brought: . . . (1)(G) a party authorized by statute.") Because O.R.C. §

733.59 creates a taxpayer cause of action, and because Ohio courts, as cited above, have stated that in a taxpayer action the real party in interest is the municipal corporation, the City of Cleveland is the real party in interest under Rule 17(a).

Wade also argues that since the City is a defendant in the case, it cannot also be a plaintiff and therefore, the City's presence in the suit as a plaintiff is nominal.  Wade's argument, however, is more indicative of just the opposite conclusion.  Wade is correct that it is odd that the City is both a plaintiff and a defendant.  But where the problem lies is not so much in the City being a plaintiff but rather in the City being a defendant.

O.R.C. § 733.59 charges taxpayers with the ability to bring a suit *on behalf* of a municipal corporation.  (Emphasis added).   The statute ensures that when those in power in the City refuse to enforce the City's rights, a taxpayer may do so on its behalf.  This does not mean that the taxpayer suddenly takes over that right, divesting it from the City.  Instead, this means that a taxpayer may be vigilant and ensure that the City is not deprived of its rights when the municipality declines to take action on its own.  Wade initially wanted the City to enforce the deed against University Circle and the Cleveland Botanical Gardens.  When the City refused, O.R.C. § 733.59 gave Wade authority, as a taxpayer, to enforce the deed on the City's behalf.  Therefore, the City is the real party in interest, attempting to enforce its rights.  So why would the City, when trying to enforce its rights against the two entities, sue itself?  Apparently, this is just an artificial construct of Ohio taxpayer lawsuits.  *See City of Cleveland, Ohio v. Cities of Service Oil Co.*, 20 Ohio Misc. 179, 47 F.R.D. 543 (N.D. Ohio Mar. 26, 1969) (commenting when the plaintiff brought a taxpayer action on behalf of the City of Cleveland against the City of Cleveland, he was merely abiding by Ohio procedure).

This procedural artifice, however, does not define federal jurisdiction.

Under Ohio law, a taxpayer cannot typically maintain a taxpayer action if the underlying purpose is to enforce a private right. *Ass'n of Cleveland Fire Fighters Local 93 of Internatl. Ass'n of Fire Fighters v. Cleveland*, 156 Ohio App.3d 368, 374 (Ohio Ct. App. 2004). If Wade, and not the City, were benefitting from a potential favorable outcome of this suit, then it would have been inappropriate for Wade to bring a taxpayer action. A taxpayer action is meant to benefit the taxpayers or the city residents as a whole, not any individual taxpayer. *See Cincinnati ex rel. Zimmer et al. v. City of Cincinnati, et al.*, 176 Ohio App.3d 588 (Ohio Ct. App. 2008) (finding that to maintain a taxpayer suit, "the taxpayer's aim must be to enforce a public right, regardless of any personal or private motive"); *see also State ex rel. Fisher v. City of Cleveland*, 109 Ohio St.3d 33 (2006) (recognizing that a taxpayer cannot maintain a taxpayer action unless the goal is to enforce a public right, regardless of a personal or private motive). Wade's insistence that he is the real party in interest does not conform with his use of the taxpayer action statute.

Lastly, Wade argues that under United States Supreme Court precedent, Rule 17(a) has no bearing on the issue of diversity jurisdiction. Wade's argument, however, is entirely misplaced. In fact, in a Supreme Court decision that Wade himself cites, *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458 (1980), the Court stated just the opposite when it noted that "[t]here is 'rough symmetry' between the 'real party in interest' standard of Rule 17(a) and the rule that diversity jurisdiction depends upon the citizenship of real parties to the controversy." *Navarro*, 446 U.S. at n. 9. Wade is correct that the Court held that the two rules do not necessarily always produce similar outcomes, but that is not to say that the two rules can

-8-

*never* bear upon each other. In addition, the Sixth Circuit subsequently acknowledged the same concept in *Layne*, *supra*. The court in *Layne* recognized that although Rule 17(a) is not jurisdictional, it "frequently overlaps with the jurisdictional rule that diversity jurisdiction depends on the citizenship of the real parties to the controversy." *Layne*, 26 F.3d at n.1. The instant matter is just such a case where the overlap of Rule 17(a) and the "real party to the controversy" doctrine dictates diversity jurisdiction. Rule 17(a)(1)(G) recites that the real party in interest may be a party authorized by statute to bring suit. Wade utilized the taxpayer action statute, O.R.C. § 733.59, to initiate this litigation. Ohio courts have held that the relevant municipal corporation is the party with the legitimate interest in a taxpayer action. Thus, the two doctrines do overlap and are dispositive of diversity jurisdiction.

### III. CONCLUSION

For the foregoing reasons, the Court determines that the City of Cleveland, and not William G. Wade, a resident of Maine, is the real party in interest. Therefore, since Plaintiff and Defendants share a common citizenship, the Court lacks diversity jurisdiction; and because there is no other basis for federal subject matter jurisdiction, the case is dismissed in its entirety.

**IT IS SO ORDERED.**

                                          **s/ Christopher A. Boyko**
                                          **CHRISTOPHER A. BOYKO**
                                          **United States District Judge**

**Dated: May 1, 2014**